United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40787
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALONSO SILVA-VELIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2042-ALL
--------------------

Before REAVLEY, BARKSDALE and OWEN, Circuit Judges.

PER CURIAM:[*]

Alonso Silva-Veliz appeals from his sentence for illegal reentry following deportation. He contends that the 50-month sentence he received is unreasonable and that the presumption of correctness given to sentences within the guideline sentencing range effectively has reinstated a mandatory guideline sentencing scheme, undermining the decision in United States v. Booker, 543 U.S. 220 (2005). He further argues that his sentence was unreasonable because the district court gave undue weight to his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history while not giving enough weight to his personal history and family situation.

The evidence presented to the district court by Silva-Veliz related to the nature and circumstances of his crime and his personal history and characteristics. See 18 U.S.C. § 3553(a)(1). The district court acknowledged the arguments made in mitigation but found that Silva-Veliz's criminal history justified the sentence imposed. Thus, the district court's comments reflect concerns regarding recidivism. See § 3553(a)(2).

A sentence within the guideline range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The district court was not required to explicitly address the sentencing factors listed in § 3553(a) in Silva-Veliz's case because the sentence imposed was within a properly calculated guidelines range, and the record reflects a reasoned basis for the sentence imposed. See United States v. Rita, ___ S. Ct. ___, 2007 WL 1772146, **12-13 (June 21, 2007); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, Silva-Veliz has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. See Mares, 402 F.3d at 519.

Silva-Veliz argues next that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in

light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Silva-Veliz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Silva-Veliz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Silva-Veliz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.